IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DONALD ALLEN, *et al*                                                                    PLAINTIFFS

vs.                                              Civil No. 6:13-cv-6013

PNC MORTGAGE, *et al*                                                                DEFENDANTS

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**BEFORE** the Court is the Plaintiff's Motion For *Ex Parte* Relief. ECF No. 5.  The Motion was filed *ex parte* in state court, prior to removal to this Court.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Robert T. Dawson referred this motion to this Court for the purpose of making a report and recommendation.  In accordance with that referral, this Court makes the following report and recommendation.

According to Plaintiff, a non-judicial foreclosure sale of property, to which they assert a legal and equitable interest, is scheduled for February 14, 2013.  Plaintiff seeks a stay of the pending non-judicial foreclosure.  Essentially Plaintiffs seek a temporary restraining order, to allow them to pursue their legal and equitable claims.  Fed. R. Civ. P 65(b) provides for a temporary restraining order, without notice to opposing party, only when such request is supported by an affidavit or verified complaint and when the moving party's counsel has verified what efforts have been made to notify opposing counsel or why notice should not be required.   In this case there is no affidavit supporting the requested stay.  Nor is the complaint in this matter verified.  Accordingly, entry of a stay or restraining order is not appropriate at this time.

Accordingly, this Court recommends Plaintiff's Motion For *Ex Parte* Relief (ECF No. 5) be **DENIED** without prejudice to refiling in accordance with Rule 65(b).

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.  See** *Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**DATED** this **11th day of February 2013.**

                /s/ Barry A. Bryant
                HON. BARRY A. BRYANT
                U.S. MAGISTRATE JUDGE